FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JUN 10 PM 1:11

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


EDWARD BAHWELL                                CIVIL ACTION

VERSUS                                        NO. 00-0541

STANLEY-BOSTITCH, INC.,                       SECTION "R" (3)
STANLEY WORKS, INC. AND
GARY DURALL


### ORDER AND REASONS

Before the Court is a joint motion to seal the record. For the reasons stated below, the Court denies the motion to seal.

### I. Background

On February 22, 2000 Edward Bahwell sued against Stanley-Bostitch, Inc. for damages. The Louisiana Workers Compensation Corporation intervened on June 1, 2000. All the parties entered into a confidentiality agreement and protective order on December 6, 2001. They filed a joint motion to seal on April 8, 2002. The Court directed the parties to file a memorandum in support of the motion to seal, which defendant supplied on April 29, 2002.



DATE OF ENTRY
JUN 10 2002



## II  Discussion

Courts have recognized that the public has a common law right to access judicial records and proceedings, although the right is not absolute. *See Nixon v. Warner Communications, Inc.* 435 U.S. 589, 98 S. Ct. 1306 (1978). Public access serves important interests, such as "to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993), *citing Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988); *see also Ramirez v. General Motors Corporation*, 1999 WL 1336087, *1 (S.D. Tex. 1999).

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against interests favoring non-disclosure. *See Van Waeyenberghe*, 990 F.2d at 848; *Shell Exploration and Production Co. v. Robinson*, 2001 WL 1490954, *1 (E.D. La. 2001). The motion to seal implicates the right to public access, and therefore, the First Amendment. *See Lawson v. Louisiana Eye Center of N.O.*, 1997 WL 375752, *1 (E.D. La. 1997). Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *See Van Waeyenberghe*, 990 F.2d at 848,

citing *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

It is undisputed that the parties are asking the Court to seal the entire judicial record. The parties assert that the court record should be sealed because the case 1) does not deal with matters of public interest, 2) does not deal with public entities, although the Louisiana Workers Compensation Corporation has intervened and 3) the parties have reached a joint agreement on this matter.

Although the parties' arguments are factors to consider in the balancing of interests, the Court finds that they are insufficient to overcome the public's common law right of access. *See Lawson*, 1997 WL 375752 at *1. First, the Court notes that the record in this case does not contain the precise terms of the settlement agreement between the parties. Rather, it simply contains the complaint, answer, motion for intervention, some discovery motions and the terms of the confidentiality agreement. Further, the parties have not asserted any factually specific reasons why these documents should be sealed. *Compare Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, 1998 WL 186728, *1 (E.D. La. 1998)(granting protective order in which judicial record contained sensitive and proprietary financial information about individual dealerships that, which if unsealed, could cause

commercial and competitive harm to such dealers); *Shell Exploration and Production Co. v. Robinson*, 2001 WL 1490954, *1 (E.D. La. 2001)(granting protective order to prevent parties in litigation from gaining access to privileged and confidential technological information). In addition, the Court notes that the parties' joint agreement is not sufficient to trump the public's presumptive right of access. *See Ramirez*, 1999 WL 1336087 at *2.

### III. Conclusion

Since the Court finds that the parties' reasons for sealing the record are insufficient to overcome the public's common law right of access, the Court denies the joint motion to seal.

New Orleans, Louisiana, this 10 day of June, 2002.

*Sarah Vance*

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE